UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHALLON HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-00728-HEA |
| | ) |
| STATE OF MISSOURI | ) |
| GOVERNOR'S OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Shallon Hawkins's Application to Proceed in District Court Without Prepaying Fees and Costs. Based on Plaintiff's financial information, the Court grants the application and assesses an initial partial filing fee of $3.53. *See* 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the Court dismisses Plaintiff's complaint for failure to state a claim upon which relief may be granted. *Id.* § 1915(e)(2)(B).

### Initial Partial Filing Fee

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in

the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner must make monthly payments of 20% of the preceding month's income credited to the prisoner's account. *Id.* § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an inmate account statement for the time period October 14, 2024 to April 14, 2025. Based on this statement, Plaintiff's average monthly deposit is $17.61. The Court will assess an initial partial filing fee of $3.53, which is 20% of his average monthly deposit.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### The Complaint

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center (ERDCC), brings this action against the State of Missouri Governor's Office; State of Missouri Department of Corrections (MDOC); Anne Precythe (Director, MDOC); David Vandergriff (Deputy Warden, ERDCC); Ted Theader Eaton (FUM,

ERDCC); Mark Wilson (Caseworker, ERDCC); Sarah Miller (Caseworker, ERDCC); Joes Martinez ("Investigator or Jailhouse Snitch") and D.G. ("Investigator or Jailhouse Snitch a/k/a Jelly Roll").

Plaintiff alleges he was denied access to the courts and counsel because he was denied a phone call to his attorney while he was in administrative segregation awaiting assignment to protective custody. He states that on October 8, 2020, he asked to make a telephone call to his attorney. Jail officials stated that "[l]egal calls have to be set up by the lawyers." Doc. 1-1 at 19. Plaintiff wanted to call his attorney because he wanted to file his own brief in his state post-conviction action "because [he] did not like what [his attorney] turned in and it was missing issues." *Id.* at 29. He states not being able to call his attorney "prevented [him] from obtaining favorable decisions from the court on my appeals." *Id.* 1-1 at 32.

Attached to his complaint is the letter from his Missouri State Public Defender that precipitated Plaintiff's desire to call. In the letter, dated October 13, 2020, Plaintiff's attorney discussed Plaintiff's appeal of the trial court's denial of his Rule 29.15 post-conviction motion. Plaintiff's attorney included with the letter the brief that he had already filed with the Missouri Court of Appeals. Doc. 1-1 at 21-22.

In several unrelated allegations, Plaintiff states that correctional officers at ERDCC have inmates call him "their baby" and "b***h" because they know he suffered sexual abuse as a child. He also alleges he is celled with child molesters.

Finally, he states his incarceration has prevented him from his desire to "build, operate and sell an idea that is not patented and run my own business." Doc. 1 at 5. He also accuses a fellow inmate of stealing songs he had written and playing these songs on the radio after the inmate's release. Doc. 5 at 31. He attaches to his complaint pages from MDOC's policy manual, including its telephone policies. Doc. 1-1 at 2.

For relief, he seeks $500 million and "other accommodations I would have had if not incarcerated," or an unconditional pardon. Doc. 1 at 6. He lists these "other accommodations" in two pages of bullet points, and includes items such as washers and dryers, walnut trees, hot tubs, and gardening tools. Doc. 1-1 at 27-28; Doc. 5 at 33-35.

## Discussion

"To prove a violation of the right of meaningful access to the courts, a prisoner must establish [that] the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). In order to prove actual injury, the plaintiff must demonstrate that a nonfrivolous legal claim has been frustrated or is being impeded. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). A prison system does not run afoul of the

constitution as long as there is no actual harm to an inmate's access rights. *Bear v. Kautzky*, 305 F.3d 802, 806 (8th Cir. 2002); *see also Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (stating that in order for an inmate to assert a successful claim of denial of meaningful access to the courts, he must demonstrate that he has suffered prejudice).

Plaintiff's allegations are not entirely clear, but he appears to argue that the ERDCC staff did not allow him to contact his attorney regarding a Rule 29.15 post-conviction brief that his attorney had already prepared and filed. He suggests that because he did not talk to his attorney, his arguments were not included in his appellate brief in support of his Rule 29.15 post-conviction motion. He states that had these arguments been included in his state court appellate brief, they would not have been considered procedurally defaulted in his later-filed § 2254 federal habeas petition. *See* Doc. 5 at 18.

Plaintiff's claims fail because he cannot plausibly allege Defendants hindered a nonfrivolous and arguably meritorious underlying legal claim. In particular, his allegations that if he had talked to his attorney, his arguments would have been included in his Rule 29.15 post-conviction appellate brief are purely speculative. Plaintiff's attorney had already filed his appellate brief. There is no way to know whether Plaintiff's attorney would have moved to amend his appellate brief based

-6-

on Plaintiff's arguments.[1]  Additionally, Defendants did not prevent Plaintiff from communicating with his attorney through the mail, which satisfies Plaintiff's right to access the courts.  *See, e.g.*, *Lamp v. Iowa*, 122 F.3d 1100, 1104-05 (8th Cir. 1997) (finding Plaintiff's ability to communicate with attorney through mail during post-conviction motion process satisfied his right of access to the courts).

Additionally, Plaintiff could have still raised these allegedly defaulted claims in his § 2254 brief even if they did not appear in his Rule 29.15 appellate brief.  An exception to the doctrine barring procedurally defaulted claims from being heard in a § 2254 petition is "cause and prejudice."  *See Martinez v. Ryan*, 566 U.S. 1, 10 (2012).  "[A] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."  *Id.*  Thus, the district court hearing Plaintiff's § 2254 petition could excuse the default if Plaintiff established a cause to excuse the procedural default.

But Plaintiff did not allege in his § 2254 petition that his claims were defaulted because he was unable to call his attorney on October 8, 2020.  Rather, he alleged his claims were defaulted because his attorney "refused to consider raising any additional claims."  *Hawkins v. Vandergriff*, No. 4:22-cv-167-GAF (W.D. Mo. filed

---

[1] In his § 2254 petition, Plaintiff alleges his arguments were not included in his 29.15 appellate brief because counsel refused to raise the issues.  *See Hawkins v. Vandergriff*, No. 4:22-cv-167-GAF (W.D. Mo. filed May 19, 2022) at Doc. 17.

Feb. 22, 2022) at Doc. 17 at 2.[2]  As the Western District Court of Missouri stated in denying Plaintiff's § 2254 petition, "[h]ere, Petitioner argues 'ignorance of the law' for failing to fully develop his meritorious issues on direct appeal and in his 29.15 motion, and claims that counsel refused to raise the issues." *Id.* Doc. 25 at 10.

Because Plaintiff has not pointed to any nonfrivolous underlying legal claim that was hindered by his inability to make a telephone call to his attorney on October 8, 2020, the Court finds he cannot state a plausible claim of unconstitutional denial of access to the courts.  For this reason, the Court will dismiss his claims on initial review for failure to state a claim upon which relief may be granted.

To the extent Plaintiff argues that prison staff harassed him by encouraging fellow inmates to call him names, this too is insufficient to state a constitutional claim.  The Eighth Circuit has consistently found that name-calling and harassment are not actionable under § 1983.  *See McDowell v. Jones*, 990 F.3d 433, 434 (8th Cir. 1993); *see also Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) (no constitutional violation for "thoroughly offensive" and "racially derogatory language").

Accordingly,

---

[2] The Court takes judicial notice of public records and judicial opinions.  *See Zerger & Mauer LLP v. City of Greenwood*, 751 F.3d 928, 935 n.7 (8th Cir. 2014) (explaining that "federal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue").

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **GRANTED**.  [Doc. 2]

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $3.53 within 30 days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSSED** without prejudice for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.  [Docs. 4-5, 6, and 8-10]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 13th day of  January, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE